Essie M. **GREEN**

v.

Donna **SHALALA, Secretary Health & Human Services.**

Civ. A. No. 93–1708.

United States District Court, W.D. Louisiana, Alexandria Division.

May 12, 1995.

Lewis M. Gladney, Kisatchie Legal Services Corp., Natchitoches, LA, for plaintiff Essie M. Green.

John A. Broadwell, U.S. Attys. Office, Shreveport, LA, for defendant U.S. Secretary of H.H.S.

### RULING

LITTLE, District Judge.

I asked him whether, as a moralist, he did not think that the practice of law, in some degree, hurt the nice feeling of honesty. Johnson: "Why no, sir, if you act properly. You are not to deceive your clients with false representations of your opinion: you are not to tell lies to a judge." 2 Boswell's Life of Johnson 47 (G.B. Hill ed. 1934).

■ With Johnson's admonition in mind, we repair to the task of considering counsel for claimant's request for attorney fees. Preliminarily we observe that subsequent to denial of her claim for Social Security benefits, Miss Green engaged the Kisatchie Legal Services Corp. to represent her in the appellate process. This court reversed the agency decision and awarded SSI benefits to the claimant. Kisatchie seeks recovery for fees and costs under 28 U.S.C. § 2412(d)(3). The itemized statement filed by attorneys Gladney and Coco, each of whom is employed by Kisatchie, was tendered in compliance with 28 U.S.C. § 2412(d)(2)(A).

Attorney Gladney claims to have devoted forty-two and ⁹⁄₁₀th hours to the appeal and his cohort Counselor Coco attests to spending sixty-one hours on the same matter. The hourly rate requested by Mr. Gladney is $100, the rate for Mr. Coco $75. The total bill is $8,805: $4,230 for Mr. Gladney and $4,575 for Mr. Coco. Each lawyer swears that the services were necessary, actually performed, and not duplicative. A sensible scrutiny of the time synopsis suggests otherwise.

Two briefing schedules were issued by the court. In each instance Mr. Coco logged one half hour to review the schedule. One schedule consists of five lines. The review of an administrative record, which clearly contains a high percentage of immediately identifiable irrelevant matter, and research applicable law, and write an appropriate brief, encompassed forty-one hours of Mr. Coco's time, including driving to Alexandria, Louisiana to file the brief in the federal courthouse. We are particularly concerned with another entry on Mr. Coco's time sheet. On 10 May 1994, Mr. Coco enters four hours for "Received and reviewed Appellee's motion to file out of time of (sic) brief, including memorandum in support." The pleading to which the entry refers was filed on 26 May 1994. No memorandum accompanied the request, which itself consisted of only a dozen substantive lines.

The beat goes on. This court issued a seven line minute entry concerning the appellee's brief. Mr. Coco alleges that it took him one half hour to read the document, for which he seeks $37.50. We need only summarize some of the other questionable entries on the Coco diary. Three hours to read a seventeen page, double spaced report from the magistrate; one half hour to read a six line decision reversing the administrative tribunal; and six hours to prepare the motion for attorney fees.

The obvious excesses in the Coco presentation are mirrored in Mr. Gladney's journal. The analysis and research concerning the Appeals Council decision, which consists of six substantive paragraphs, required over five hours of Mr. Gladney's time. Drawing the complaint consumed nearly four hours. Only one page of the complaint required any original thinking, the balance being boilerplate. Mr. Gladney then spent nine and ⁹⁄₁₀th hours reading the administrative record and the answer to the complaint. Mr. Coco spent seven hours reading the record. Nearly seven hours were devoted by Mr. Gladney to the brief. Included in this exercise were conver-

sations with Mr. Coco, redrafts and reviews of the Coco product and signing the brief. At this point, forty-eight hours on brief preparation have been devoured by Gladney and Coco.

It is refreshing to observe that Mr. Gladney only employed twenty four minutes to review the Secretary's motion to file an out of time brief. Mr. Coco did the same task days earlier, but it took him four hours. Mr. Gladney used five and a half hours to prepare the request for fees. Mr. Coco utilized six hours on the same project.

■ We are disappointed with the lack of professionalism proffered by lawyers Gladney and Coco in their fee proposal. This case does not justify an award of more than $75 per hour for actual and necessary services performed. 28 U.S.C. § 2412(d)(2)(A)(ii). We find no evidence to justify a higher figure due to inflation or other special factors. See *Hall v. Shalala,* 50 F.3d 367, 368–69 (5th Cir.1995). After elimination of the dross, duplication and puffery in the submission to this court by counselors Gladney and Coco, this court finds the total hours subject to compensation to be forty in number. The total fee approved is $3,000.

It is a dark day indeed when an attorney's advocacy is used in support of the tosh presented to this court. The court is finished with the fee issue, but will retain jurisdiction as it ponders the imposition of sanctions.